UNITED STATES of America, Plaintiff–Appellee,

v.

David Lawrence WILSON, aka David V. Hunter, Defendant–Appellant.

Nos. 93–4014, 93–4015.

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1993.

David J. Jordan, U.S. Atty., Richard N.W. Lambert, Asst. U.S. Atty., Salt Lake City, UT, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender, Jill M. Wichlens, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Before TACHA and KELLY, Circuit Judges, and BROWN,* District Judge.

WESLEY E. BROWN, Senior District Judge.

Defendant David Wilson pleaded guilty to one count of attempted bank robbery in vio-

lation of 18 U.S.C. § 2113(a). He was ultimately sentenced to 151 months' imprisonment.[1] He now challenges that sentence pursuant to 28 U.S.C. § 2255, arguing that because the sentencing statutes applicable to Class C felonies and attempted robbery under § 2113(a) are ambiguous, the rule of lenity applies, and requires a reduction in his sentence.[2]

■ The district court sentenced Mr. Wilson in accordance with the maximum set forth in § 2113(a), which provides, in relevant part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; ...
>
> Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

He argues, however, that the seeming clarity of this statute is obscured by two other penal statutes, which call into question the twenty-year maximum found in § 2113(a).

Pursuant to 18 U.S.C. § 3559, "[a]n offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is ... less than twenty-five years but ten or more years, as a Class C felony." 18 U.S.C. § 3559(a)(3). Generic Class C felonies fall under the sentencing requirements found in 18 U.S.C. § 3581, which provides that "[a] defendant who has been found guilty of an offense may be sentenced to a term of imprisonment. The authorized

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. Mr. Wilson was originally sentenced in April of 1990. He filed an appeal, but that proceeding was later dismissed and remanded upon stipulation of the parties. He was resentenced in December of 1991. On June 23, 1992, he filed a motion requesting the district court to vacate and reenter his sentence because his counsel misled him as to his appeal rights. The district court granted the motion and, after receiving briefing

on the issue presented in this case, resentenced him to 151 months' imprisonment. This timely appeal followed.

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

terms of imprisonment are ... for a Class C felony, not more than twelve years." 18 U.S.C. § 3581(a), (b)(3).

Mr. Wilson maintains that §§ 3559 and 3581 render the language of the attempted robbery statute ambiguous because Class C felonies are subject to a twelve-year maximum, in contrast to the twenty-year maximum found in § 2113(a). He argues this ambiguity cannot be resolved through resort to legislative history and, for that reason, the rule of lenity applies. Application of that rule would require sentencing under the more lenient provision set forth in § 3581. The argument follows that a sentence of 151 months, or just over 12 and one-half years, is erroneous.

■ The rule of lenity applies where a statute is facially ambiguous and resort to the legislative history does not reveal the congressional intent of the language. *See Ladner v. United States,* 358 U.S. 169, 177, 79 S.Ct. 209, 213, 3 L.Ed.2d 199 (1958). Under these circumstances, courts construe the statute favorably to the criminal defendant. *Id.* The rule applies to substantive, as well as sentencing, statutes. *See generally Hughey v. United States,* 495 U.S. 411, 422, 110 S.Ct. 1979, 1985, 109 L.Ed.2d 408 (1990) (applying rule of lenity to restitution statute).

■ This rule, however, is not to be invoked lightly. It is not applicable unless "there is a 'grievous ambiguity or uncertainty in the language and structure of the Act.'" *Chapman v. United States,* 500 U.S. 453, ——, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) (quoting *Huddleston v. United States,* 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974)). In particular, a statutory scheme will not be deemed ambiguous only because the defendant has proffered a possible construction which is more narrow than what the government advocates. *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990). The rule's application is limited to cases where, after reviewing all available relevant materials, the court is still left with an ambiguous

statute. *See Smith v. United States,* —— U.S. ——, ——, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993).

In this case, we need not resort to the legislative history because the statutes are not facially ambiguous. The intent of Congress can be gleaned from the language of these sections. Pursuant to § 2113(a), the statutory maximum for attempted robbery is twenty years. The statute is absolutely clear. It is only through resort to §§ 3559 and 3581 that Mr. Wilson raises an alleged ambiguity. While a cursory review might lead to the conclusion that these statutes create a conflict, any apparent discrepancy is taken care of by § 3559(b), which provides that "the maximum term of imprisonment is the term authorized by the law describing the offense."

Thus, although §§ 3559(a)(3) and 3581(b)(3) might, standing alone, be construed to create some confusion when compared to § 2113(a), § 3559(b) makes clear the intent of Congress on the issue. Mr. Wilson maintains this section does not resolve the ambiguity because the language of § 3581, providing for a twelve-year sentence for Class C felonies, cannot be reconciled with § 3559(b). He argues that § 3581 would be rendered meaningless in all circumstances if the mandate of § 3559(b) is applied. We disagree.[3]

■ We construe statutory language according to its plain and ordinary meaning. *Moskal,* 498 U.S. at 108, 111 S.Ct. at 465. The meaning of these statutes is facially apparent. The rule of lenity is a rule of last resort, to be invoked only after traditional means of interpreting the statute have been exhausted. *Mahn v. Gunter,* 978 F.2d 599, 601 (10th Cir.1992). Because the meaning of these statutes is clear, we have no ambiguity and, therefore, no need to resort to the legislative history. *Id.* at 602. The rule is inapplicable. *See United States v. Schiffbauer,* 956 F.2d 201, 203 n. 5 (9th Cir.), *cert. de-*

---

**3.** This circuit has held that the sentencing provisions in § 3581(b) do not alter the statutory minimum sentence mandated by the specific statute addressing first-degree murder. *United*

*States v. Sands,* 968 F.2d 1058, 1066 (10th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 987, 122 L.Ed.2d 139 (1993).

*nied,* —— U.S. ——, 113 S.Ct. 274, 121 L.Ed.2d 202 (1992).

The judgment of the United States District Court for the District of Utah is AFFIRMED.