UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Ray BLAKE, Defendant–
Appellant.

No. 94–6307.

United States Court of Appeals,
Tenth Circuit.

June 16, 1995.

Frank M. Ringer, Asst. U.S. Atty., Oklahoma City, OK (Rozia McKinney–Foster, U.S. Atty., and M. Jay Farber, Asst. U.S. Atty., with him on the brief), for plaintiff-appellee.

June E. Tyhurst, Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and OWEN,* Senior District Judge.

OWEN, Senior District Judge.

This appeal from a District Court's sentence for robberies raises the claim of impermissible double counting under the Federal Sentencing Guidelines where a firearm was brandished in each of two separate bank robberies.

On April 12, 1994, Robert Ray Blake, brandishing a revolver, robbed a Local Federal Savings and Loan Bank in Oklahoma City, Oklahoma and got away with some $2,600. Two weeks later, on April 27, he

---

* The Honorable Richard Owen, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

robbed another Local Federal Savings and Loan, this time in Midwest City, and made off with some $3,300. Again, he brandished a firearm in the robbery.

At some point, Blake was arrested and entered into a plea agreement on June 8, 1994. The agreement recited the following: a plea of guilty to the Oklahoma City April 12 robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); a plea of guilty to the use of a firearm in the same, the April 12 robbery in violation of 18 U.S.C. § 924(c)(1) (Count 2); and a stipulation acknowledging that he committed the Midwest City April 27 robbery. By this stipulation, that robbery is treated as a separate conviction under the Federal Sentencing Guidelines to whatever extent it has an effect on the Sentencing Guidelines applicable to the earlier robbery in Count 1, on which Blake would be sentenced.[1]

While there had been an original presentence report containing the Guidelines sentence ranges, and Blake pleaded guilty with these ranges in contemplation, that report was revised prior to sentencing. The new report, for the first time, took into consideration the firearm Blake had used on April 27 as a factor in determining the offense level of *that* robbery with the effect that, after multiple count adjusting, *see infra,* there was a 5 level increase of the base offense level for the sentence to be imposed on Count 1. Blake complained that because of this, the proposed sentence was "more time than I was expecting".[2] Although offered the opportunity by the sentencing court to withdraw his guilty plea, Blake declined.[3] He objected, however, to the 5 level increase on grounds that are the subject of this appeal. After considering Blake's objections, the sentencing court overruled them, adopted the report, and sentenced Blake to 137 months imprisonment on Count 1 and 60 months on Count 2, the sentences to run consecutively.

Our review of the district court's interpretation of a sentencing guideline is *de novo.* United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir.1994).

## I.

The use of a firearm in the commission of a federal crime can increase a sentence in two separate ways: by a separate statutory charge or by causing an increase in the sentence for the underlying crime itself. Thus, a bank robber can be convicted in one count of the robbery, under 18 U.S.C. § 2113 (1993), and in a second count of using of a gun during the robbery under 18 U.S.C. § 924(c)(1), and the gun count mandates a *consecutive* sentence of 5 years for the first offense and 20 years for each further offense. *See Deal v. United States,* —— U.S. ——, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). Absent a separate gun charge, the Sentencing Guidelines can be invoked to increase the robbery's offense level—and consequent sentence—for the use a gun during the robbery. Under the Sentencing Guidelines, for example, the base offense level of 20 for robbery is increased 5 levels if a firearm was "brandished, displayed, or possessed...." U.S.S.G. § 2B3.1(b)(2)(C) (1994).

Not surprisingly, however, a comment in the Sentencing Guidelines reads:

> Where a sentence under this section [the separate statutory charge] is imposed in conjunction with a sentence for an underlying offense [the robbery], any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)–(F) (Robbery)) is not to be applied in respect to the guidelines for the underlying offense.

U.S.S.G. § 2K2.4 comment (n. 2) (1994).

Thus, a sentencing court cannot enhance a defendant's sentence for a robbery under the Guidelines by reason of his use of a firearm if the defendant has been separately convicted

---

1. U.S.S.G. § 1B1.2(c) and comment (n. 4) (1994).

2. Tr. at 3.

3. It would appear that Blake's decision was well-reasoned because the government was in a position to charge him with yet a third armed robbery, allegedly occurring on March 7, 1994. Convictions on the three firearm violations alone would have resulted in a mandatory sentence of 45 years imprisonment.

and is being sentenced under § 924(c) for using the firearm in the commission of the same robbery. To do so would impermissibly double count contrary to the language and policy of the Sentencing Guidelines. *United States v. Rice,* 52 F.3d 843, 850 (10th Cir.1995). However, in the instant case the defendant did not have his *April 12* bank robbery sentence enhanced for use of a firearm. Instead, the sentencing court, in assessing Blake's admitted *April 27* robbery, enhanced the base offense level 5 levels as to that offense for the firearm used in *that* robbery, and then, making a Multiple Count Adjustment as between the two robberies,[4] computed a combined Adjusted Offense Level for the April 12 robbery for which he was imposing sentence on Count 1.

■ Blake, however, asserts that the U.S.S.G. § 2K2.4 comment (n. 2) quoted above is ambiguous in that the term "underlying offense" therein may be interpreted to cover *all* crimes with which the firearms conviction will run consecutively, and therefore the rule of lenity should be invoked to construe the guideline in his favor. *See Ladner v. United States,* 358 U.S. 169, 177, 79 S.Ct. 209, 213, 3 L.Ed.2d 199 (1958); *United States v. Diaz,* 989 F.2d 391, 393 (10th Cir. 1993) (adopting the rule of lenity for interpretation of Sentencing Guidelines).

The rule of lenity, however, is not to be invoked lightly. We have stated, with respect to statutory interpretation, that "it is not applicable unless 'there is a grievous ambiguity or uncertainty in the language and structure of the Act.'" *United States v. Wilson,* 10 F.3d 734, 736 (10th Cir.1993) (quoting *Chapman v. United States,* 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991)). It is a rule of last resort. *Wilson,* 10 F.3d at 736. Thus, the mere assertion of an alternative interpretation is not sufficient to bring the rule into play. *See Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).

Blake's proposed alternative construction, we conclude, is not a reasonable reading of the guideline provision. Further, it is a fundamental principle of statutory construction that the meaning of a word is not to be determined in isolation but only in the context which it is used. *Deal,* —— U.S. at ——, 113 S.Ct. at 1996. Blake's proposed interpretation of "underlying offense" clashes with its context and the very purpose of the Guideline comment which is to prevent double counting, which we recently defined as follows:

> Impermissible double counting or impermissible cumulative sentencing occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes.

*United States v. Flinn,* 18 F.3d 826, 829 (10th Cir.1994).

Were we to accept the defendant's proposed interpretation, once there was a separate statutory firearm conviction, no *other* crime which happened to involve a firearm where the sentence could run consecutively, could have its base offense level enhanced for use of the firearm. This would prevent the sentencing court from appropriately punishing entirely unrelated conduct simply because the prosecutor decided to level a single § 924(c) charge.

We note that support for the conclusion we reach here is found in other circuits which interpret "the underlying offense" of a § 924(c) charge to mean the offense involving the identical conduct. *See United States v. Mrazek,* 998 F.2d 453, 455 (7th Cir.1993) ("'[T]he underlying offense' must be the crime during which, by using the gun, the defendant violated § 924(c)."); *United States v. Nakagawa,* 924 F.2d 800, 805 (9th Cir. 1991); *United States v. Kimmons,* 965 F.2d 1001, 1011 (11th Cir.1992); *United States v. Washington,* 44 F.3d 1271, 1280 (5th Cir. 1995).

Accordingly, we reject appellant's assertion of ambiguity, and hold that the sentencing court was within its discretion in enhancing Blake's base offense level for the brandishing of a firearm in the stipulated April 27 robbery and factoring that enhancement un-

4. U.S.S.G. § 3D1.4 (1994).

der the Multiple Count Adjustment into the sentence it imposed for the April 12 robbery.

The sentence is affirmed.