**UNITED STATES of America, Plaintiff,**

v.

**Ruben RENTERIA, Sr. and Ruben Renteria, Jr., Defendants.**

**No. CR 95–320 JP.**

United States District Court,
D. New Mexico.

April 11, 1996.

Ralph C. Binford, Deming, NM, for defendant Ruben Renteria, Sr.

Raymond T. Van Arnam, Las Cruces, NM, for defendant Ruben Renteria, Jr.

Jonathan M. Gerson, U.S. Attorney's Office, D.N.M., Albuquerque, NM, for plaintiff U.S.

## MEMORANDUM OPINION

PARKER, District Judge.

The subject of this memorandum opinion is the sentencing of defendants Ruben Renteria, Sr. and Ruben Renteria, Jr. following their conviction for perjury under 18 U.S.C. § 1623. The issue is whether the base offense level for each defendant should be calculated in accordance with U.S.S.G. § 2J1.3(a) or U.S.S.G. § 2J1.3(c)(1).

On March 6, 1996, I held a sentencing hearing in Las Cruces, New Mexico. Jonathan Gerson represented the United States, Ralph Binford represented Ruben Renteria, Sr., and Raymond Van Arnam represented Ruben Renteria, Jr. At that hearing, after thoroughly considering the facts, law, and the arguments of counsel, I concluded that both defendants' base offense levels should be calculated under U.S.S.G. § 2J1.3(a). In the alternative, I concluded that even if I were to apply U.S.S.G. § 2J1.3(c)(1), a downward departure to base offense level 12 was warranted under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b). I sentenced Ruben Renteria, Sr. to 15 months imprisonment, to be followed by two years of supervised release. I sentenced Ruben Renteria, Jr. to five months imprisonment, to be followed by two years of supervised release, with a special condition of five months of home confinement with electronic monitoring.

### Background

On November 15, 1995, a jury convicted each defendant of making a false declaration before a grand jury or court in violation of 18

U.S.C. § 1623. The events giving rise to the perjury charges and convictions occurred in the criminal prosecution of Ruben Renteria, Sr. in *United States v. Rodriguez–Aguirre, et al.*, No. CR 92–486 JC.

In No. CR 92–486 JC, Ruben Renteria, Sr. filed a motion to suppress arguing that the signature "Ruben Renteria" which appeared on the relevant consent to search form was not his. On December 22, 1993, Chief Judge John E. Conway held a hearing on the suppression motion. During the hearing, Ruben Renteria, Sr. testified under oath that he did not sign the consent to search form. Ruben Renteria, Jr. testified under oath that the signature on the form was his. Before Chief Judge Conway ruled on the motion to suppress, Ruben Renteria, Sr. withdrew the motion. Chief Judge Conway, therefore, never ruled on the motion and the Renterias' testimony had no impact whatsoever on Ruben Renteria, Sr.'s prosecution in No. CR 92–486 JC.

On July 12, 1994, after he had served approximately 10 months in jail on the charges brought in No. CR 92–486 JC, Ruben Renteria, Sr. was acquitted by a jury of those charges. Ruben Renteria, Jr. was not charged in No. CR 92–486 JC.

Thereafter, on June 8, 1995, the grand jury returned an indictment charging that both defendants gave false testimony at the December 22, 1993 suppression hearing before Chief Judge Conway.

Sentencing Issues [1]

*Application of U.S.S.G. § 2J1.3*

The United States Probation Office concluded that U.S.S.G. § 2J1.3(a) was the appropriate guideline to apply to Ruben Rente-

ria, Jr. and that 12 was the correct base offense level. In its objections to the Probation Office's presentence report ("PSR") for Ruben Renteria, Jr., and at the March 6, 1996 sentencing hearing, the government argued that U.S.S.G. § 2J1.3(c)(1) should be applied to Ruben Renteria, Jr., resulting in a base offense level of 30, instead of 12.[2] Section 2J1.3 provides in pertinent part:

§ **2J1.3.** *Perjury or Subornation of Perjury; Bribery of Witness*

 (a) Base Offense Level: 12 . . .

 (c) Cross Reference

 (1) If the offense involved perjury, subornation of perjury, or witness bribery in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

U.S.S.G. § 2J1.3 (emphasis in the original).

The cross-referenced section, 2X3.1 provides as follows:

§ **2X3.1** *Accessory After the Fact*

 (a) Base Offense Level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30 . . . .

U.S.S.G. § 2X3.1 (emphasis in the original).

■ The government argued that because the defendants' perjurious testimony was offered, according to the government, "in respect to a criminal offense," i.e. the criminal prosecution of Ruben Renteria, Sr. in No. CR 92–486 JC, I must apply section 2J1.3(c)(1)'s cross-reference and find that each defendant's base offense level is 30. I

---

1. In addition to the sentencing issues discussed more fully in this opinion, there is a question regarding Ruben Renteria, Sr.'s criminal history category. Ruben Renteria, Sr. moved for a departure from criminal history category III to criminal history category II arguing that four criminal history points overrepresented his criminal history. I determined that it made no difference whether Ruben Renteria, Sr.'s criminal history category was II or III because I intended to, and did, impose a sentence (15 months) that fell within the guideline ranges determined by both criminal history category II and criminal history category III.

Also at the sentencing hearing, I denied Ruben Renteria, Jr.'s oral motion for downward departure based on alleged extraordinary family circumstances, finding that the circumstances described by Ruben Renteria, Jr.'s attorney, Mr. Van Arnam, did not justify downward departure.

2. The government also asserted that Ruben Renteria, Sr.'s base offense level should be calculated in accordance with section 2J1.3(c)(1). Because the United States Probation Office had calculated Ruben Renteria, Sr.'s base offense level under section 2J1.3(c)(1), the government did not object to that portion of Ruben Renteria, Sr.'s PSR.

concluded, though, that section 2J1.3(c)(1) did not apply to these defendants.

 In order for me to have applied the cross-reference to section 2X3.1 I first needed to find that the defendants' perjury was "in respect to a criminal offense." I could not do so. "In respect to a criminal offense" is a hopelessly ambiguous phrase. It could be read broadly to mean "in any criminal case,"[3] or more narrowly to mean only "testimony about an element of a charged crime."[4] The commentary to section 2J1.3 does not provide any insight into the meaning of "in respect to a criminal offense."[5] Because "there is a grievous ambiguity or uncertainty in the language of" section 2J1.3, *Chapman v. United States,* 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991), I must implement the rule of lenity,[6] "a rule of last resort." *United States v. Blake,* 59 F.3d 138, 140 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 580, 133 L.Ed.2d 502 (1995) (*citing United States v. Wilson,* 10 F.3d 734, 736 (1993)). I stress that I did not invoke the rule of lenity lightly. I employed it only after concluding that there was no other way by which I could resolve section 2J1.3(c)(1)'s grievous ambiguity.

In No. CR 92–486 JC, Ruben Renteria, Sr. was charged with committing the offense of conspiracy to distribute more than 1000 kilograms of marijuana. Applying the rule of lenity, I determined that in order for the defendants' perjury to have been "in respect to a criminal offense," it had to have been testimony directly relating to Ruben Renteria, Sr.'s alleged conspiracy offense. The defendants' perjury, however, was not in respect to that alleged conspiracy to distribute marijuana but was, rather, in respect to Ruben Renteria, Sr.'s alleged waiver of his Fourth Amendment right to be free from unreasonable searches and seizures. Although the perjurious testimony was offered at a suppression hearing in No. CR 92–486 JC, it was not offered "in respect to" the underlying charges that Ruben Renteria, Sr. was facing. The fact that the motion to suppress was withdrawn before Chief Judge Conway ruled on it, thereby preempting any effect it could have had on Ruben Renteria, Sr.'s prosecution in No. CR 92–486 JC, provided additional evidence that the perjurious testimony was not "in respect to" a criminal offense. As a result, I found that U.S.S.G. § 2J1.3(c) was inapplicable.

*U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b) Downward Departure (In the Alternative)*

 In the alternative, I concluded that if my analysis regarding U.S.S.G. § 2J1.3(c)(1)

---

3. Had the United States Sentencing Commission and Congress intended this meaning they likely would have said exactly that, i.e., "apply section 2X3.1 whenever perjury, subornation of perjury, or witness bribery occurs 'in any criminal case.'"

4. It seems more likely that the intent underlying section 2X3.1 was to penalize perjurious testimony that could directly affect the decision as to whether someone had committed a "criminal offense." Some examples leap to mind—false alibi testimony ("defendant was with me when the crime occurred"), co-conspirator's perjury regarding the absence of a charged conspiracy ("defendant knew nothing about the crime I committed"), and false statements regarding culpability ("defendant didn't commit the crime, I did").

5. Section 2J1.3's relevant Background states only that "[t]he Commission believes that perjury should be treated similarly to obstruction of justice. Therefore, the same considerations for enhancing a sentence are applied in the specific offense characteristics, and an alternative reference to the guideline for accessory after the fact is made." This commentary, however, is not

helpful. While the obstruction of justice guideline, section 2J1.2(c)(1), does contain a cross-reference to the accessory after the fact guideline, the language of the obstruction of justice cross-reference deviates substantially from the perjury cross-reference. Section 2J1.2(c)(1) reads as follows: "If the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense...."

6. The rule of lenity applies to both statutes and the sentencing guidelines. *See Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *United States v. Collins,* No. 90–6312, 1991 WL 125158, at *2 (10th Cir. Jul. 9, 1991). *See also Blake,* 59 F.3d at 140 (*citing United States v. Diaz,* 989 F.2d 391, 393 (10th Cir.1993)).

The rule of lenity means that I "will not interpret a federal criminal statute [or guideline] so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Bifulco,* 447 U.S. at 387, 100 S.Ct. at 2252 (1980) (citations omitted).

was not correct, a downward departure to base offense level 12 was warranted for each of the defendants under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b). After thoroughly considering the facts in this case, I concluded that there existed mitigating circumstances of a kind not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described in U.S.S.G. § 2J1.3(c)(1) and § 2X3.1.

One of the mitigating circumstances that existed was that the defendants' perjurious testimony was offered at a suppression hearing on a motion that was withdrawn before Chief Judge Conway ruled on it. While the defendants committed a serious crime when they lied under oath, the crime of perjury did not, and could not, have had any effect on Ruben Renteria, Sr.'s prosecution in No. CR 92–486 JC because Chief Judge Conway never issued a ruling on the motion to suppress; the jury in No. CR 92–486 JC never heard the defendants' perjurious testimony; and the evidence that was the subject of the motion to suppress was not excluded from the trial in No. CR 92–486 JC.

The government argued that by considering these facts as constituting a mitigating circumstance, I was rewarding the defendants for committing perjury that was not successful. I did not reward "unsuccessful perjury." I simply applied the guidelines to the unusual facts presented in this case. The facts demonstrate that the perjury was neither successful nor unsuccessful because Chief Judge Conway never ruled on the suppression motion.[7]

I also concluded that what happened at Ruben Renteria, Sr.'s suppression hearing was more akin to obstruction of justice than it was to being an accessory after the fact. I am cognizant of the fact that the cross-reference in U.S.S.G. § 2J1.3(c)(1) to the accessory after the fact guideline, U.S.S.G. § 2X3.1(a), is merely a sentencing formula to be used in perjury cases and does not require a finding that the defendants were, in fact, accessories after the fact. *See United States v. Glover*, 52 F.3d 283, 285 (10th Cir.1995). I find it helpful, though, to my analysis of whether the Sentencing Commission considered mitigating circumstances of the nature of those in this case when formulating section 2J1.3(c)(1), that the base offense level for obstruction of justice is 12, the same as it is for perjury. U.S.S.G. §§ 2J1.2(a), 2J1.3(a).[8]

Another mitigating circumstance in Ruben Renteria, Sr.'s case is the fact that he was incarcerated for approximately 10 months before being acquitted by the jury in No. CR 92–486 JC.[9]

In Ruben Renteria, Jr.'s case, I found that the fact he was not charged in No. CR 92–486 JC was another mitigating circumstance supporting a downward departure. By his false testimony at the suppression hearing in No. CR 92–486 JC, he was, in essence, obstructing justice in a case in which he was not a party; he was not testifying "in respect to a criminal offense" with which he had been charged.

In sum, I concluded that the Sentencing Commission never imagined a scenario such as the one we have here—perjury being committed, during a hearing before a judge on a

---

7. The fact that Chief Judge Conway never ruled on the suppression motion has no bearing on the defendants' perjury convictions. It is irrelevant whether Chief Judge Conway was at all influenced by the defendants' perjurious testimony. Contrary to defense counsel's argument, the standard to be employed by the jury in determining whether the defendants' testimony was "material" was whether that testimony was *capable* of influencing Chief Judge Conway's decision at the suppression hearing, not whether it did, in fact, influence him. *See United States v. Girdner*, 773 F.2d 257, 259 (10th Cir.1985), *cert. denied*, 475 U.S. 1066, 106 S.Ct. 1379, 89 L.Ed.2d 605 (1986). *See also United States v. Gaudin*, —— U.S. ——, ——, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995).

8. I note, for purposes of completeness, that both the obstruction of justice guideline and the perjury guideline contain a cross-reference to section 2X3.1—accessory after the fact, although the language of the two cross-reference sections is substantially different. Also, as discussed above, section 2J1.2's commentary evinces an intent that perjury be treated similarly to obstruction of justice.

9. I acknowledge that the Court of Appeals for the Tenth Circuit has stated that sections 2J1.3(c)(1) and 2X3.1(a) can be applied even absent a conviction on the underlying offense. *Glover*, 52 F.3d at 287.

motion that was withdrawn before a ruling was issued, by a defendant who was acquitted, and by another person who was not even a party.

I found that the extent of downward departure from base offense level 30 to base offense level 12 was justified by the fact that the base offense level for both perjury and obstruction of justice is 12. The extent of downward departure in Ruben Renteria, Sr.'s case was further justified by the fact that he had been incarcerated for approximately 10 months prior to his acquittal in No. CR 92–486 JC.

The base offense level for Ruben Renteria, Sr. and for Ruben Renteria, Jr. should be 12, either by the proper application of U.S.S.G. § 2J1.3 to the unusual facts of this case or through a downward departure under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b).