**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

DEMAREO LAMONT DAVIS,

    Defendant - Appellant.

No. 98-5183
(D.C. No. 97-CV-239)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Davis, an inmate appearing pro se and in forma pauperis, seeks a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside or correct his sentence, see 28 U.S.C. § 2255. Mr. Davis was convicted of three counts in connection with a 1993 attempted robbery of a federally-insured credit union. He was sentenced to 60 months on count one,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

conspiracy to commit armed robbery of a credit union, 18 U.S.C. §§ 371, 2113(a) & (d); 96 months on count two, entering a federally insured credit union with the intent to commit armed robbery and aiding and abetting, 18 U.S.C. §§ 2, 2113 (a) & (d); and 60 months on count three, using or carrying a firearm during the commission of a crime of violence and aiding and abetting in this offense, 18 U.S.C. §§ 2, 924(c)(1). The sentence on count three was consecutive to the sentences on counts one and two which ran concurrently. Thus, Mr. Davis was sentenced to 156 months.

Mr. Davis's convictions and sentences were affirmed on direct appeal, see United States v. Davis, 40 F.3d 1069 (10th Cir. 1994), and certiorari review was denied on April 24, 1995. On March 18, 1997, he filed the instant § 2255 motion challenging his sentence. He claimed that counsel was ineffective at sentencing and on appeal because he either did not challenge or properly challenge the district court's sentence, including an upward departure under the Sentencing Guidelines.

On appeal, Mr. Davis urges that a seven-level enhancement under USSG § 2B3.1(b)(2)(A) (1993), may not be applied as a specific offense characteristic for use or discharge of a firearm in connection with an armed robbery, see USSG § 2B3.1(a), when a defendant also is sentenced for a violation of § 924(c), see

USSG § 2K2.4 n.2;[1] United States v. Blake, 59 F.3d 138, 140 (10th Cir. 1995).

He next contends that the district court engaged in impermissible "double

counting" when it departed upward on count two. The district court departed

[1] USSG § 2B3.1 Robbery (1993) provides in pertinent part:
. . . .
(b)    Specific Offense Characteristics
. . . .
(2)    (A) If a firearm was discharged, increase by **7** levels;

    USSG § 2K2.4 Use of Firearm . . . During or in Relation to Certain Crimes (1993) provides in pertinent part:
. . . .
Application Notes:

(2)    Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for an underlying offense.

    In a few cases, the offense level for the underlying offense determined under the preceding paragraph may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 844(h), § 924(c), or § 929(a), produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a), (i.e., the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied). In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) does not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a).

based upon its finding that Mr. Davis had fired a handgun three times in the credit union with the intent of causing death or great bodily harm to the credit union's uniformed security guard and others in order to escape. See R. doc. 87 at 10 (quoting Sentencing Tr. at 25-26). In making an upward departure, the district court analogized to the seven-level enhancement for armed robbery under USSG § 2B3.1(b)(2)(A), and departed seven levels on count two. See R. doc. 108 at 5; doc. 87 at 10 (excerpt of sentencing transcript). Accordingly, with respect to the attempted robbery count, the offense level went from 22 (41 to 51 months) to 29 (87-108 months), and the district court sentenced him to 96 months, to be followed by 60 months under § 924(c)(1).

Of course, Mr. Davis's sentencing claim is procedurally barred because he failed to raise it on direct appeal; hence his resort to ineffective assistance of counsel. To prevail upon an ineffective assistance of counsel claim, a defendant must show deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We do not think that Mr. Davis's argument is a "dead bang winner," one obvious from the trial record that would have resulted in a different result. See United States v. Kissick, 69 F.3d 1048, 1054-56 (10th Cir. 1995); United States v. Cook, 45 F.3d 388, 392-95 (10th Cir. 1995). Hence, we cannot conclude that counsel was ineffective for raising it. Counsel could well conclude that the seven-level upward departure on count two was neither an

enhancement, nor a prohibited upward departure under USSG § 2K2.4 n.2. Rather, it appears that the district court departed pursuant to 18 U.S.C. § 3553(b) and USSG §§ 5K2.0 and 5K2.6 (weapons).

A unitary abuse of discretion standard governs our review of departures, although Mr. Davis's claim involves a legal question (whether a departure related to the firearm on an armed robbery count is permissible given the § 924(c) conviction) that we review de novo. See Koon v. United States, 518 U.S. 81, 100 (1996); United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997). Notwithstanding the § 924(c)(1) conviction, an upward departure pursuant to § 5K2.6 is possible in unusual circumstances. See United States v. Nakagawa, 924 F.2d 800, 804-05 (9th Cir. 1991) (number of firearms). To accept Mr. Davis's argument that an upward departure is not possible in these circumstances would be to hold that the exclusive basis of a departure related to firearms is contained in USSG § 2K2.4 n.2 when a defendant is convicted of robbery and using and carrying a firearm. This is not persuasive because § 5K2.6 specifically allows departures based upon "the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others," items that were not expressly factored into the sentencing provisions affecting Mr. Davis prior to the departure.

Finally, Mr. Davis's reliance on United States v. Bond, 22 F.3d 662 (6th

Cir. 1994), is not well placed. That case involved a departure after the district court applied the enhancement for discharge of a firearm, see id. at 672-73; in this case, no such enhancement was applied. That is why we may conclude that the district court did not abuse its discretion when it concluded that Mr. Davis's wanton conduct in firing the handgun three times at credit union personnel takes this case out of the heartland. See Collins, 122 F.3d at 1301-02. Further, under our deferential standard of review, an adequate factual basis exists for the departure and the degree of departure (45 months) is not unreasonable. See id. at 1302-03

We GRANT Mr. Davis a certificate of appealability and AFFIRM the judgment of the district court.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge