**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN URIAH GIBSON,

    Defendant - Appellant.

No. 98-3268
(D.C. No. 97-CR-10151-1)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McWILLIAMS** and **LUCERO**, Circuit Judges.

Jonathan Gibson appeals the district court's denial of his motion to withdraw his guilty plea. For the reasons stated below, we affirm.[1]

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Although Gibson formally challenges the district court's enhancement of his sentence under U.S.S.G. § 2B3.1(b)(2)(C) for his second charge of bank robbery, he concedes that his argument on appeal—that the enhancement constitutes impermissible double counting—is foreclosed by our decision in United States v. Blake, 59 F.3d 138 (10th Cir. 1995). "We are bound by the precedents of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F. 3d 723, 724 (10th Cir. 1993) (per curiam). Because Gibson does not ask us to

(continued...)

# I

Gibson was charged with conspiracy to commit offenses against the United States, specifically conspiracy to commit armed bank robbery, pursuant to 18 U.S.C. § 371, two counts of armed bank robbery, pursuant to 18 U.S.C. § 2113(a) and (d), and two counts of possession of a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c).  As voir dire began in his criminal trial on April 21, 1998, Gibson announced to the court his intention to change his plea to guilty on all counts.  Later that day, Gibson pled guilty pursuant to a plea agreement with the government in exchange for the dismissal of one of the firearm counts.

On July 28, 1998, however, Gibson moved to withdraw his plea for the following reasons:  his counsel was unprepared for trial; his counsel had failed to inform him that under the original panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), rev'd en banc, 165 F.3d 1297 (10th Cir. 1999), petition for cert. filed, – U.S.L.W. — (U.S. Mar. 31, 1999) (No. 98-8758), a co-conspirator who planned to appear as a government witness against Gibson could be prohibited from testifying; Gibson did not have "adequate time to consult" with counsel prior to the entry of his guilty plea; Gibson felt coerced into changing his plea to guilty because his counsel was ill-prepared; and a

---

[1](...continued)
reconsider Blake en banc, we do not consider his appeal of the issue.

- 2 -

government agent had warned the mother of his child that if Gibson went to trial, he would never see his child again. Gibson later amended his motion by adding the additional ground that five witnesses had come forward to say that the government's chief witness, Gibson's co-conspirator, had told them that he was going to give false testimony in court. The district court denied Gibson's motion to withdraw his plea following a hearing on August 28, 1998.

## II

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion, see United States v. Killingsworth, 117 F.3d 1159, 1161 (10th Cir.), cert. denied, 118 S.Ct. 393 (1997), and will reverse the district court only if the denial was unjust or unfair, see Fed. R. Crim. P. 32(e); United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997).

We consider seven factors in determining whether the defendant should be allowed to withdraw his guilty plea: (1) whether the defendant has asserted his innocence; (2) prejudice to the government if the motion is granted; (3) whether the defendant has delayed filing the motion to withdraw his plea; (4) inconvenience to the court if the motion is granted; (5) defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) the waste of judicial resources. See United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).

Gibson fails to persuade us that these factors weigh in favor of our finding that the district court should have allowed him to withdraw his plea. First, we have stated that waiting three months to file a motion to withdraw a guilty plea, as Gibson did here, can be weighed against a defendant. See United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996). Second, Gibson does not claim in his motion to withdraw that he is innocent. Instead, he asserts generalized complaints about the incompetency of his counsel and alleges that a government witness—whose credibility, as a co-conspirator, was already suspect—would likely perjure himself. Third, the three-month delay between submission of his plea and his motion to withdraw the plea would clearly prejudice the government—which would be forced to find and prepare its evidence and witnesses again for trial—as well as the district court, the resources of which have already been wasted in preparing for a trial that was aborted by Gibson's last-minute decision to plead guilty.

The remaining Gordon factors for us to consider are the ineffectiveness of Gibson's original counsel and whether his original plea was voluntary. As to his claims about the performance of his trial counsel, we note first that when Gibson entered his guilty plea, he told the court that he and his attorney had adequate time to prepare for trial, that he was satisfied with his counsel's performance, and that he had not been coerced into pleading guilty. "Solemn declarations in open

court carry a strong presumption of verity." Laycock v. New Mexico, 880 F.2d 1184, 1186-87 (10th Cir. 1989) (quoting United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988) (citation and internal quotations omitted)).

Even if we were to ignore these statements, the district court specifically found that his counsel was not constitutionally ineffective under Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring defendant to show that counsel's performance was so deficient that the defendant was deprived of a fair trial). Moreover, Gibson's complaints of ineffective assistance of counsel reveal no prejudice. Specifically, his counsel's failure to advise him that his co-conspirator's testimony could be inadmissible was irrelevant because of our decision in Singleton, 165 F.3d 1297 (holding that a witness such as Gibson's co-conspirator may testify for the prosecution in exchange for a promise of leniency form the government). In addition, Gibson fails to show that prior to receiving the grand jury transcripts the day before trial, he was unaware that his girlfriend could provide support for his alibi. His attorney's failure to ask for a continuance does not rise to the level that Strickland requires for a showing of ineffectiveness. Gibson has provided us with neither factual nor legal arguments that would lead us to reject the district court's finding that Gibson's counsel did not render constitutionally ineffective assistance. Therefore, this Gordon factor does not weigh in favor of allowing Gibson to withdraw his plea.

Finally, Gibson argues that he was coerced into pleading guilty. A defendant may challenge the voluntariness of his plea. See United States v. Wright, 43 F.3d 491, 495 (10th Cir. 1994) (citing United States v. Broce, 488 U.S. 563, 569 (1989)). We review de novo whether a plea is voluntary. See Laycock, 880 F.2d at 1186. Gibson's only "evidence" of coercion is his allegation, based on hearsay, that a government agent implicitly threatened Gibson by communicating with the mother of his child. In the hearing on Gibson's motion to withdraw his plea, the district court dismissed all of appellant's allegations of coercion as not credible. Gibson provides us with no new information or legal arguments that would cause us to question the district court's conclusion that he was not coerced into pleading guilty.

## III

We therefore **AFFIRM** the district court's denial of Gibson's motion to withdraw his guilty plea.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge