**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CORY E. BROWN,

    Defendant-Appellant.

No. 00-3009
(D. Kan.)
(D.Ct. No. 97-CR-40096)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Cory E. Brown, appearing through counsel who filed an *Anders*

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

brief,[1] appeals the sentence the district court imposed following his guilty plea. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Brown pled guilty to one count of robbery of a post office in violation of 18 U.S.C. § 2114 and a second count for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court initially sentenced Mr. Brown to consecutive sentences of thirty-six months incarceration for the robbery conviction and sixty months incarceration for the firearm conviction. After his appeal time expired, Mr. Brown filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, Mr. Brown asserted his counsel failed to file a timely appeal despite Mr. Brown's insistence on contesting his sentence. Following an evidentiary hearing, the district court granted Mr. Brown's § 2255 motion finding his trial attorney failed to determine if Mr. Brown knowingly and voluntarily waived his right to appeal. The district court then determined "[t]he proper remedy is to vacate ... [Mr. Brown's] sentence and allow him to be resentenced so he may perfect an appeal."

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (requiring counsel who finds an appeal to be wholly frivolous to advise the court, request permission to withdraw, and provide an accompanying brief referring to anything in the record that might arguably support the appeal.) Accordingly, Mr. Brown's appellate attorney provided a brief outlining Mr. Brown's claims, noting his belief Mr. Brown's appeal is frivolous, and requesting permission to withdraw as counsel.

Accordingly, the district court vacated Mr. Brown's sentence, directed the probation office to prepare an amended presentencing report, and permitted the parties to file objection thereto. Following a sentencing hearing and objections filed by both parties, the district court entered an order resentencing Mr. Brown to fifteen months incarceration for the robbery conviction, instead of the initial thirty-six months, and to the same sixty months incarceration for the firearm conviction, both to run consecutively.

On direct appeal, Mr. Brown's appellate counsel raises two grounds of error at Mr. Brown's direction, in accordance with the *Anders* requirements. We construe Mr. Brown's first argument as contesting the district court's adverse rulings on his five objections to the presentencing report.[2] A review of Mr. Brown's objections shows he contested the district court's factual findings and application of the United States Sentencing Guidelines ("U.S.S.G.") to those findings.

---

[2] Counsel provided Mr. Brown's argument, in its entirety, as follows:

> At issue in this appeal are Mr. Brown's five objections to the presentence report which were all denied by the Court. The Court made specific findings with respect to each objection raised in its Memorandum and Order memorializing the rulings.

In his second argument on appeal, Mr. Brown asserts the district court lacked authority to impose a separate consecutive sentence for his firearm conviction under 18 U.S.C. § 924(c) and *United States v. Gilkey*, 118 F.3d 702 (10th Cir. 1997), which discusses application of U.S.S.G. § 2B3.1(b)(2). Essentially, Mr. Brown is asserting the district court should have enhanced his sentence under § 2B3.1(b)(2) for use of a firearm during commission of a crime of violence, rather than apply a separate sixty-month consecutive sentence for his firearm conviction. In making this argument, however, Mr. Brown's appellate counsel admits this Circuit clearly settled this issue in *United States v. Blake*, 59 F.3d 138 (10th Cir.), *cert. denied*, 516 U.S. 1016 (1995). The government counsel contends that because Mr. Brown did not raise this argument before the district court, our review must be for plain error. Mr. Brown filed and was granted a motion to extend time to file a response to his own counsel's *Anders* brief, but Mr. Brown failed to file the reply brief outlining his sentencing arguments.

We begin with our standard of review. Generally, "[w]e review questions of law regarding application of the Sentencing Guidelines *de novo* ... [and] findings of fact under the clearly erroneous standard, mindful of our obligation to give 'due regard' to the district judge's determinations of the credibility of

-4-

witnesses." *United States v. Wiseman*, 172 F.3d 1196, 1217-18 (10th Cir.) (citations omitted), *cert. denied*, 120 S. Ct. 211 (1999). However, we review legal questions involving application of the Sentencing Guidelines for plain error when they are raised for the first time on appeal. *Gilkey*, 118 F.3d at 704.

Applying these standards, and after a complete review of the record, we find no merit in Mr. Brown's arguments on appeal. The five objections to the presentencing report raised by Mr. Brown are thoroughly addressed in the district court's December 15, 1999 Memorandum and Order. Based on certain credibility determinations, the district court made factual findings: 1) Mr. Brown acted as an organizer, leader, manager or supervisor in the robbery, and 2) Mr. Brown held victims at gun point, used a laser sight on the gun to intimidate them and ensure their cooperation, and forced them to the floor at gun point. Based on these findings, the district court 1) applied a two-level enhancement under U.S.S.G. § 3B1.1(c) for Mr. Brown's role as an organizer, leader, manager or supervisor in the robbery; 2) applied a two-level enhancement for physical restraint with a firearm under U.S.S.G. § 2B3.1(b)(4)(B); and 3) declined to apply a two-level reduction in Mr. Brown's sentence under U.S.S.G. § 3B1.2(b), holding Mr. Brown did not play a minor role in the offense. Finally, in addressing Mr. Brown's objection his offense level should not be increased by six levels under U.S.S.G.

§ 2B3.1(b)(2)(B), the district court noted it already granted Mr. Brown's objection to such an increase prior to issuance of the new presentencing report. Under the circumstances presented and the applicable legal standards applied, we find no error in the district court's treatment of Mr. Brown's objections to the presentencing report.

As to Mr. Brown's second argument, we review it for plain error. In so doing, we agree this Circuit fully addressed the issue Mr. Brown presents on appeal in *Blake.* *See* 59 F.3d at 139-40. For the purpose of judicial economy, we believe Mr. Brown's argument deserves no further discussion, other than to announce our holding the district court did not errr in consecutively sentencing Mr. Brown for the separate conviction of using a gun during the robbery pursuant to 18 U.S.C. § 924(c). *See Blake*, 59 F.3d at 139-40.

For these reasons, we **AFFIRM** Mr. Brown's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge