**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROLAND DONELL ROSS,

    Defendant - Appellant.

Nos. 16-3334
and 16-3335
(D.C. No. 6:11-CR-10158-EFM-2)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

## I.     INTRODUCTION

Roland Ross appeals his sentence for one count of brandishing a firearm during

and in relation to a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c).[1] Mr. Ross was

charged with both a § 924(c) firearm offense and an underlying robbery offense but,

pursuant to a plea agreement, pleaded guilty to only the § 924(c) offense. At sentencing,

the district court rejected the Guidelines sentence recommended by the prosecutor,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Ross was also charged with a violation of his supervised release resulting
from this offense. He initially appealed this sentence (No. 16-3334), but abandoned the
challenge in his opening brief.

instead choosing an upward variant sentence of 108 months. Mr. Ross argues the district court committed plain error by relying on a clearly erroneous Presentence Investigation Report ("PSR") Guidelines calculation of what his sentence *would have been* if he had also been convicted of the underlying robbery charge. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## II.    BACKGROUND

On July 1, 2016, a grand jury indicted Mr. Ross on one count of robbing a liquor store, in violation of 18 U.S.C. §§ 1951(a) and (b)(2), and one count of brandishing a firearm during and in relation to a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). Mr. Ross entered into a plea agreement with the government where he agreed to plead guilty to the § 924(c) brandishing count, and in return the government would dismiss the underlying robbery charge and recommend a sentence of 84 months.

Prior to Mr. Ross's sentencing hearing, the Probation Office prepared a PSR that contained a description of the current offense and the associated Guideline sentencing recommendations. The PSR noted that "Chapter three (Adjustments) and Chapter four (Criminal History and Criminal Livelihood) do not" affect the sentencing Guidelines computations for a § 924(c) offense. Instead, "[t]he guideline range for incarceration for this offense is the statutory minimum sentence of seven years (84 months)." Under the sentencing options section of the PSR, the Probation Office also evaluated what Mr. Ross's sentence would have been if he had been convicted of the underlying robbery charge.

2

> Had the defendant been convicted as charged in the Indictment, a guideline sentencing range would have been calculated for Count 1, the Robbery Count. Thus the provisions of § 2B3.1 would have been used. The total offense level for this count would have been 22 (assuming a three-point reduction for acceptance of responsibility), and with a criminal history category of IV, the guideline range would be 63 to 78 months. The seven (7) year minimum term (or 84 months) required for Count 2 would have run consecutive to a sentence in this range.

Mr. Ross made no relevant objection to the PSR and the district court "determine[d] that the presentence investigation report . . . [was] accurate."

In announcing Mr. Ross's sentence, the court explained "the offense of the robbery itself require[d] an upward variance" and noted,

> had [Mr. Ross] been convicted of the [robbery][2] offense, he would have been facing a sentence of at least five years in that case in addition to the seven-year charge for brandishing. And I think it's appropriate for me . . . to factor [it] in my fashioning a sentence for this 924(c) offense. . . .

The court then sentenced Mr. Ross to 108 months' imprisonment. Mr. Ross now appeals.

## III.    DISCUSSION

When a criminal defendant challenges his sentence, we review for reasonableness. *United States v. Martinez*, 610 F.3d 1216, 1223 (10th Cir. 2010). "Reasonableness review has a procedural and substantive component." *Id.* "Procedural reasonableness focuses on whether the district court erred in calculating or explaining the sentence." *United States v. Halliday,* 665 F.3d 1219, 1222 (10th Cir.2011) (internal quotation marks omitted). Several significant procedural errors have been identified by the Supreme Court, "including 'failing to calculate (or improperly calculating) the Guidelines range . . . [and]

---

[2] The sentencing transcript contains a clerical error incorrectly referencing the "brandishing" offense.

3

selecting a sentence based on clearly erroneous facts.'" *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). Mr. Ross asserts only procedural error, arguing the district court unreasonably relied on the PSR's clearly erroneous calculation of the sentencing range for the robbery offense.

Because Mr. Ross failed to object to the PSR's calculation of his offense level at sentencing, we review for plain error. *See United States v. Black*, 830 F.3d 1099, 1110 (10th Cir. 2016). To succeed on plain error review, an appellant must show "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Warren*, 737 F.3d 1278, 1285 (10th Cir. 2013) (citation omitted).

To satisfy the first prong, Mr. Ross argues the PSR inaccurately calculated the total offense level of the underlying robbery offense. The PSR states, "[t]he total offense level for [the robbery] count would have been 22 (assuming a three-point reduction for acceptance of responsibility) and with a criminal history category of IV, the guideline range would be 63 to 78 months." Beyond the three-level reduction for acceptance of responsibility, the report does not describe how an offense level of 22 was reached.

Mr. Ross argues that the total offense level calculation of 22 included a five-level enhancement for brandishing a gun that could not be applied in light of the § 924(c) charge of conviction. *See United States v. Blake*, 59 F.3d 138, 139–40 (10th Cir. 1995) ("[A] sentencing court cannot enhance a defendant's sentence for a robbery under the Guidelines by reason of his use of a firearm if the defendant has been separately convicted and is being sentenced under § 924(c) for using the firearm in the commission

4

of the same robbery."). To support this calculation, he claims that none of the six other potential increases for offense specific characteristics applied and no upward adjustments were available under Chapter Three of the Guidelines. Because there is no combination of legally permissible enhancements which results in a total offense level of 22, after adjusting for the PSR's noted three-point acceptance of responsibility reduction, Mr. Ross argues the PSR was clearly erroneous. As such, the district court erred by relying on the resulting inaccurate Guidelines sentencing range to determine the extent of its variance on the § 924(c) sentence.

According to the government, however, it "is just as likely and plausible" the PSR could have reached a total offense level of 22 by beginning at a base level of 20, adding a two-level enhancement for Mr. Ross lying to the police about the identity of his accomplice under U.S.S.G § 3C1.1 and a three-level enhancement for committing the offense while on supervised release under § 3C1.3, and then subtracting the three-level reduction for acceptance of responsibility. Mr. Ross asserts that the government's alternative calculation is implausible because it contradicts other factual findings within the PSR. But, resolving factual disputes about the applicability of particular enhancements is an exercise of the district court's authority. Without any findings from the district court, we cannot review the appropriateness of any applied enhancements without speculating as to the basis of the PSR's calculation. *See United States v. Pena-Hermosillo*, 522 F.3d 1108, 1112 (10th Cir. 2008). Such speculation and conjecture is beyond the purview of this court and impermissibly invades the district court's exercise

5

of its discretion. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005).[3]

Moreover, we need not resolve this conflict regarding the sentence that would have been available if Mr. Ross had also pleaded guilty to robbery. Even if it was calculated incorrectly, and the district court erred in relying on that erroneous calculation in fixing Mr. Ross's sentence, any alleged error was not plain. "An error is plain if it is clear or obvious under current, well-settled law. In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012) (citation omitted). Mr. Ross cannot make that showing.

To be sure, a sentencing court must base its sentencing decision on an accurate calculation of the defendant's Guidelines sentencing range for the offense of conviction. *See United States v. Archuleta*, 865 F.3d 1280, 1292 (10th Cir. 2017). Mr. Ross concedes, however, that the PSR correctly calculated the Guidelines sentencing range for the brandishing offense to which he pleaded guilty. He argues instead that we should extend

---

[3] Despite Mr. Ross's attempt to characterize his challenge as a legal question, the issue ultimately turns on the factual question of how the Probation Office calculated an offense level of 22. Although we rest our holding on other grounds, we note that Mr. Ross's claim also fails because unpreserved factual disputes—such as this—cannot satisfy plain error. *See United States v. Zhou*, 717 F.3d 1139, 1154 (10th Cir. 2013) ("[W]e have held under the plain error standard that failure to assert a factual dispute at sentencing waives the challenge because it prevented the probation officer from reviewing and the district court from resolving the fact issue."); *United States v. Lewis*, 594 F.3d 1270, 1288 (10th Cir. 2010) ("[F]actual disputes regarding sentencing not brought to the attention of the district court do not rise to the level of plain error.") (internal quotation marks omitted).

the general principle requiring accuracy in the Guidelines range for the offense of conviction to also require that the sentencing court correctly calculate the sentences that would be available for any dismissed offense considered in arriving at the final sentence. But Mr. Ross has failed to point us to a single decision from any court that has held a sentencing court's reliance on an inaccurately calculated sentencing range for an offense other than the offense of conviction is error. This failure is fatal to his claim that the alleged error was plain. *See DeChristopher*, 695 F.3d at 1091.

## IV.    CONCLUSION

For the above reasons, we AFFIRM Mr. Ross's sentence.

Entered for the Court


Carolyn B. McHugh
Circuit Judge