## UNITED STATES v. COPLON et al.

United States District Court
S. D. New York.

Nov. 17, 1949.

See also 84 F.Supp. 472, 88 F.Supp. 912.

Irving H. Saypol. United States Attorney, New York City, attorney for plaintiff, John M. Kelley, Jr., Raymond P. Whearty and Fred E. Strine, Special Assistants to the Attorney General, of counsel.

Archibald Palmer, New York City, attorney for defendant Coplon.

RYAN, District Judge.

Defendant Coplon moves to dismiss the indictment as to her on the ground that to try her in this court on the present indictment would constitute double jeopardy inasmuch as she has already been indicted, tried, convicted and sentenced in the District Court for the District of Columbia, on the same offense. Defendant also moves for the dismissal of the conspiracy count in the present indictment, Count 1, on the ground that it is insufficient in law. The motions will be disposed of separately.

In deciding the motion predicated on double jeopardy, an analysis of the indictments in the District Court of Columbia and in this court is necessary.

The District Court of Columbia indictment: Count 1 alleged that defendant Coplon "for the purpose of obtaining information respecting the national defense and

with intent and reason to believe that the information was to be used to the injury of the United States and to the advantage of a foreign nation, did copy, take, make and obtain documents, writings and notes connected with the national defense * * *." 18 U.S.C.A. § 793. Count 2 alleged that the defendant Coplon, having custody of documents and papers filed with the Justice Department unlawfully and wilfully removed and concealed certain of said documents, in violation of 18 U.S.C.A. § 2071.

The District Court of New York indictment: Count 1 is the conspiracy count to be discussed *infra*. Count 2 charges that the defendant Coplon "lawfully having possession of, access to, and being intrusted with documents, writings, and notes relating to the national defense, * * * did wilfully attempt to communicate and transmit said documents" to her co-defendant, who was a person not entitled to receive the same. 18 U.S.C.A. § 793.

Count 4 charges that the defendant Coplon "with intent and reason to believe that they would be used to the injury of the United States and to the advantage of a foreign nation" attempted to transmit to her co-defendant documents, writings and notes relating to the national defense. 18 U.S.C.A. § 794.

There can be no dispute as to the law applicable to this motion.

█ It is well settled from a long line of cases that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 520; Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; cf. 57 Yale L.J. 132.

█ Applying this test, the motion must be denied. Under Count 1 of the District of Columbia indictment an element of the crime was obtaining possession of documents with the specific intent that the information be used to the injury of the United States and to the advantage of a foreign nation. Count 2 of the New York indictment requires no such intent; it merely requires that defendant Coplon obtained possession of the documents and attempted to transmit them to her co-defendant, who was not entitled to receive them.

Count 2 of the District of Columbia charged that the defendant unlawfully and wilfully removed and concealed certain documents from the files of the Department of Justice. Count 4 of the New York indictment, on the other hand, does not allege an unlawful taking, but rather an attempt to transmit the documents with the intent that they be used to the injury of the United States and to the advantage of a foreign nation. It is to be noted that Count 4 of the New York indictment differs from Count 2 of the District of Columbia indictment, in that the latter required the specific intent of the defendant at the time of taking the documents whereas the former requires the intent at the time of the alleged attempted communication to her co-defendant.

It is evident that the indictments charge different statutory offenses, and that, therefore, the defendant Coplon will not be subjected to double jeopardy by standing trial on the present indictment.

Now, as to that part of the motion which seeks a dismissal of the conspiracy count for insufficiency in law.

█ Under Count 1 of the indictment both defendants are charged with a conspiracy to violate Sections 793, 794 and 2071 of Title 18 U.S.C.A., by (1) impairing the function of the Department of Justice and (2) depriving the Government of its right to the honest services of defendant Coplon as an employee of the Department of Justice. The defendant urges that the substantive crimes charged under Sections 793 and 794 (Counts 2 and 4) require the concerted action of two or more persons and that, consequently, she cannot be tried for both the substantive crimes and the conspiracy to commit those crimes.

Defendant relies heavily on Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 and United States v. Sager, 2 Cir., 49 F.2d 725. In the Pinkerton case, the Supreme Court said:

"There are, of course, instances where a conspiracy charge may not be added to the substantive charge. One is where the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime. (Citations.) Another is where the definition of the substantive offense excludes from punishment for conspiracy one who voluntarily participates in another's crime. * * * But those exceptions are of a limited character. The common law rule that the substantive offense, if a felony, was merged in the conspiracy, has little vitality in this country. * * * A conviction for the conspiracy may be had though the substantive offense was completed. See Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450, Ann.Cas.1914C, 128. And the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395, 22 S.Ct. 181, 193, 46 L.Ed. 236. It is only an identity of offenses which is fatal. See Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489. Cf. Freeman v. United States, 6 Cir., 146 F.2d 978. A conspiracy is a partnership in crime. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253, 60 S.Ct. 811, 858, 84 L.Ed. 1129. It has ingredients, as well as implications, distinct from the completion of the unlawful project." [328 U.S. 640, 66 S.Ct. 1182]

Defendant contends that she could not commit a crime within the purview of Sections 793 and 794 unless there was another person acting in concert with her, who was the recipient of the documents in question. While this may be true, it fails to take into account the basic element of a conspiracy, viz., the agreement to commit a crime in the future. For, if, for example, a defendant obtained possession of documents and then attempted to transmit them to another without any prior agreement to do so, the defendant would be guilty of the substantive crime, but not of a conspiracy to commit the said crime.

Moreover, one of the charges in the conspiracy count alleges that the defendants conspired to violate Section 2071—defrauding the United States of its right to the honest, conscientious and faithful services of its employee, defendant Coplon. It cannot seriously be contended that concerted action is necessary to commit the substantive crime contemplated by Section 2071.

The motions are denied.