**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNNY LANG, also known as
Melvin Pitchford, and SHARI LEWIS
LANG,

    Defendants-Appellants.

Nos. 02-4075, 02-4091, 02-4103,
02-4128, 04-4165, 04-4175

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 1:01-CR-47-TC)**

---

**Submitted on the Briefs:**

Jill M. Wichlens, Assistant Federal Public Defender (Michael G. Katz, Federal
Public Defender, with her on the briefs), Office of the Federal Public Defender
for the District of Colorado, Denver, Colorado, for Defendant-Appellant Shari
Lewis Lang in 02-4075, 02-4091.

Kenneth R. Brown and Ann Marie Taliaferro of Brown, Bradshaw & Moffat, Salt
Lake City, Utah, for Defendant-Appellant Shari Lewis Lang in 04-4065 and 04-
4075.

Stephen R. McCaughey of McCaughey & Metos, Salt Lake City, Utah, for
Defendant-Appellant Johnny Lang.

Diana Hagen, Assistant United States Attorney (Paul M. Warner, United States
Attorney, with her on the briefs), Office of the United States Attorney for the

District of Utah, Salt Lake City, Utah, for Plaintiff-Appellee United States in 02-4075, 02-4091, 02-4103, and 02-4128.

Paul M. Warner, United States Attorney, and Michael S. Lee, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee United States in 04-4065 and 04-4075.

---

Before **SEYMOUR**, **HARTZ** and **McCONNELL**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

This decision resolves the appeals of both Johnny and Shari Lewis Lang from their resentencings and the remand from the Supreme Court of our decision in *United States v. Lang*, 364 F.3d 1210 (10th Cir. 2004) (*Lang I*), which was vacated for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005), by 125 S. Ct. 986 (2005). The appeals and the remanded case have been consolidated for purposes of this disposition. Except for the sentencing issues impacted by *Booker*, we reinstate our opinion in *Lang I*.[1] Due to violations of the Langs' Sixth Amendment rights, we remand the cases to the district court

---

[1] In *United States v. Lang*, 364 F.3d 1210 (10th Cir. 2004) (*Lang I*), we rejected the joint and individual issues raised by the Langs regarding their convictions, *id.* at 1221-21, 1223-24, the district court's evidentiary rulings, *id.* at 1222-23, the judge's decision not to recuse herself, *id.* at 1217–19, and the court's base offense level calculation, *id.* at 1219-21. We also agreed with the government's arguments raised on cross-appeal and reversed the district court's downward departures. *Id.* at 1213-16.

for resentencing consistent with *Booker*.[2]

# I

As an employee of the federal district court in Utah, Shari Lang took a copy of a sealed document home from work. The document was an affidavit that authorized the police to use a tracking device in a narcotics investigation. The affidavit also made reference to the ongoing state wire interception of a cellular phone number. Mrs. Lang discussed the contents of the affidavit with her husband, Johnny Lang, who then called the cell phone number referred to in the affidavit. He disclosed to the recipient of the call information about the wiretap and the tracking devices, thereby undermining the narcotics investigation. Mr. and Mrs. Lang were indicted as a result of these activities.

The Langs proceeded to trial. Mrs. Lang testified and admitted she took a copy of the sealed affidavit home because it piqued her curiosity. She further testified she had not known that her husband contacted anyone in connection with the affidavit. Mr. Lang admitted contacting the drug dealers about the contents of

---

[2]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the affidavit, but testified that he had not discussed his plan with Mrs. Lang.

The jury rejected the Langs' defenses and convicted each of them of (1) obstruction of justice in violation of 18 U.S.C. § 1505; (2) acting as accessories after the fact in the distribution of heroin in violation of 18 U.S.C. § 3; and (3) conspiring to do both in violation of 18 U.S.C. § 371. The jury additionally found Mrs. Lang guilty of unlawfully removing a document from a federal clerk's office in violation of 18 U.S.C. § 2071(a), and convicted Mr. Lang of making a false statement to the F.B.I. in violation of 18 U.S.C. § 1001. *See Lang I*, 364 F.3d at 1212.

The indictment did not charge any quantity of drugs in connection with the offenses, and the jury was not required to determine any drug quantities. The district court made a judicial finding that the amount of drugs involved in the distribution of narcotics underlying the Langs' offenses was "at least 1 KG but less than 3 KG of heroin." U.S.S.G. § 2D1.1(c)(4). As a result, the Langs' initial base offense levels were set at 32. After application of a two-level enhancement for obstruction of justice, a two-level enhancement for abuse of trust, and a six-level decrease for accessory after the fact, Mrs. Lang's offense level was calculated at 30. With a criminal history category of I, her guideline range was 97 to 121 months. Similarly, after application of a two-level enhancement for

-4-

obstruction of justice[3] and a six-level decrease for accessory after the fact, Mr. Lang's offense level was calculated at 28. He also had a criminal history category of I, resulting in a guideline range of 78 to 97 months. Relying on the fact that the Langs' involvement as accessories was unusually brief, as well as a finding that Mrs. Lang's offense constituted aberrant behavior given her education and employment history, the district court departed downward to offense levels of 21 for both defendants. *Id*. at 1213. The Langs were each sentenced to 46-month terms of incarceration. *Id*.

The Langs appealed and the government cross-appealed. We affirmed the convictions in *Lang I* but held that the district court had erred in departing downward. We remanded the cases for resentencing. *Id*. at 1215-1216, 1224. At resentencing, the Langs argued that pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), their Sixth Amendment rights were violated when their sentences were based on judicial findings that increased their punishment. The district court declined to apply *Blakely* to the Federal Sentencing Guidelines and reverted to its initial offense level calculations. As a result, Mr. Lang was sentenced to a prison term of 78 months and Mrs. Lang received a term of 97 months. The

---

[3]The obstruction of justice finding on which the Langs' sentences were increased involved perjury at trial, while the obstruction of justice charge on which they were convicted involved impeding an investigation by the Drug Enforcement Administration.

Langs now appeal from their resentencing.

## II

After we issued our opinion in *Lang I* but before the Langs were resentenced, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to hold unconstitutional the State of Washington's determinate sentencing regime. *Blakely*, 124 S. Ct. at 2536. The Langs raised *Blakely* in their petition for writ of certiorari to the Supreme Court and at resentencing before the district court, contending the Federal Sentencing Guidelines were unconstitutional.

Subsequent to briefing in the instant appeal, the Supreme Court extended *Apprendi* and *Blakely* to the Federal Sentencing Guidelines, holding the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. To remedy the guidelines' unconstitutionality, the Court severed and excised 18 U.S.C. § 3553(b)(1), which required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. *See id*. at 764-65. As a result, the guidelines are now advisory in all cases. *Id*. at

768-69. In addition, the Court expressly stated that its "remedial interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id.* Consequently, we must evaluate the Langs' current appeals in light of the Court's holding in *Booker*.

The Langs contend the district court violated their Sixth Amendment rights by imposing a sentence exceeding the maximum authorized by jury findings alone. Specifically, the Langs claim the district court unconstitutionally increased their sentences when it found by a preponderance of the evidence that the offenses involved "at least 1 KG but less than 3 KG" of heroin under U.S.S.G. § 2D1.1(c)(4) and that they obstructed justice pursuant to U.S.S.G. § 3C1.1. Mrs. Lang contends her sentence was further increased unconstitutionally when the court found she had abused a position of trust pursuant to U.S.S.G. § 3B1.3.

Although the Langs challenged the district court's base offense level calculations at their original sentencing hearing, they failed to raise a Sixth Amendment objection. However, they properly preserved their Sixth Amendment claims when they raised the issue upon resentencing. We must first determine whether our review is governed by the harmless error standard of FED. R. CRIM. P. 52(a) or the plain error standard of Rule 52(b).

Because of the mandate rule, which governs here, we are persuaded our review is for harmless error. As we have made clear,

> where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal. *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994); *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992).

*United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996) (footnote omitted).

Looking at the mandate in *Lang I*, we see nothing specifically limiting the scope of remand so as to prevent the district court from considering the Langs' Sixth Amendment claim at resentencing. Our mandate stated: "Based on the foregoing, we **REVERSE** the district court's downward departures for both Langs, remanding both cases for resentencing pursuant to 18 U.S.C. § 3742(f)(2)(B), and **AFFIRM** the decision of the district court on the remaining issues." *Lang I*, 364 F.3d at 1224. This general mandate does not contain the type of specificity necessary to limit a district court's authority to resentence on remand. *See United States v. Hicks*, 146 F.3d 1198, 1200-01 (10th Cir. 1998).[4] Moreover, although the mandate rule "generally requires trial court conformity with the articulated appellate remand, [it] is a discretion-guiding rule subject to exception in the interests of justice." *Moore*, 83 F.3d at 1234. We recognized in *Moore* that the

---

[4]Nor do we see anything in the mandate's reference to section 3742(f)(2)(B) that limits the district court's discretion to take up the Langs' Sixth Amendment issue on resentencing. *See* 18 U.S.C. 3742(f)(2)(B) (noting that if an appellate court concludes the district court erred in departing downward from the applicable guidelines range, the appellate court "shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g)").

mandate rule is not a jurisdictional limitation, thereby allowing "some flexibility in exceptional circumstances." *Id.* at 1234-35. We also noted that "a dramatic change in controlling legal authority" might represent such an exceptional circumstance. *Id.* at 1234. The *Blakely* decision constituted a dramatic change in the legal landscape, arguably foretelling the constitutional analysis in *Booker*. For these reasons, we conclude the Langs' Sixth Amendment claim was properly before the district court at resentencing. Because the Langs preserved that issue, we will review their claim for harmless error under Rule 52(a).

Rule 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." FED. R. CRIM. P. 52(a). The district court erred at the resentencing, albeit unknowingly, when it found that the Langs' offenses involved between one and three kilograms of heroin and that they obstructed justice, and then sentenced them on the basis of those facts not found by a jury. *Booker*, 125 S. Ct. at 756; *Blakely*, 124 S. Ct. at 2536-37. The court similarly erred by further enhancing Mrs. Lang's sentence upon a finding she abused a position of trust. *Id*.

At the original sentencing hearing, the district court noted that under the guidelines the Langs "would be burdened with drug quantities from drug dealings that have gone on for extended periods of time" when their involvement in the offense was as minimal as an hour or two. Rec., supp. vol. I at 47. In fact,

pursuant to the court's finding of drug quantity, the Langs were sentenced based on an initial offense level of 32 for their convictions related to the drug distribution charges, resulting ultimately in a guideline range of 97-121 months for Mrs. Lang and 78-97 months for Mr. Lang. The district court also noted that without the additional quantity of heroin, the lowest sentencing range dealing with heroin was a base offense level of 12. Rec., supp. vol. I at 48; U.S.S.G. § 2D1.1(c)(14). If the accessory after the fact reduction were applied to the underlying offense of distribution of heroin pursuant to U.S.S.G. § 2X3.1, the Langs' base offense level for their drug related convictions would become 6, the applicable level based on facts found by the jury. Under the rules for grouped offenses, U.S.S.G. §§ 3D1.2, 3D1.3, the obstruction of justice count would then become the conviction with the highest base offense level at 12. U.S.S.G. § 2J1.2(a)(2001). A base offense level of 12 would have resulted in a guideline range of 10 to 16 months, given the Langs were both in criminal history category I. U.S.S.G. Ch. 5 Pt. A. Simply stated, the increase from an offense level of 12, and the Langs' resulting sentences in excess of 16 months, were based on facts not found by a jury in violation of the Sixth Amendment.

The burden of proving that an error does not affect substantial rights is upon the "beneficiary of the error"– here, the government. *See Chapman v. California*, 386 U.S. 18, 24 (1967). If the error is of constitutional magnitude, as

it is here, the government is required to prove the error was harmless beyond a reasonable doubt. *See Chapman*, 386 U.S. at 24. The government has not asserted that the error in this case was harmless.

For the aforementioned reasons, we **REINSTATE** our opinion in Lang I except to the extent the sentencing issues are impacted by this decision, and we **REMAND** these cases to the district court with directions to vacate the Langs' sentences and to resentence them consistent with *Booker*.