**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

MICHAEL DEAN CREEL,

　　Defendant-Appellant.

No. 04-7066

(D.C. No. 03-CR-106-W)
(E.D.Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Defendant Michael Creel pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of imprisonment of ninety-seven months. On appeal, Creel asserts, as he did below, that the district court erred in enhancing his sentence on the basis of judicially-found facts. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we remand for resentencing.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

Following his indictment on two firearm-related charges and two drug-related charges, Creel pled guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time of his guilty plea, Creel admitted nothing other than the essential elements of the § 922(g)(1) charge. A presentence report (PSR) was subsequently prepared which recommended that Creel's base offense level be enhanced by four levels pursuant to U.S.S.G. § 2K2.1(b)(5) because Creel had used or possessed the firearms at issue in connection with another felony offense. App. at 23. In support of this recommendation, the PSR alleged as follows:

> Available evidence in this case indicates the defendant was at the residence of [a third party] for the purpose of manufacturing methamphetamine. During the execution of a search warrant at [the third party's] residence, the defendant was observed pulling two guns out of his pocket as law enforcement officials approached. Furthermore, law enforcement officials discovered two additional firearms in the cab of the defendant's vehicle.

Id.

On June 29, 2004, Creel objected to the proposed enhancement, arguing that it was improper in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). App. at 30. Creel further argued that, in light of Blakely, the district court was limited to sentencing him based solely on the facts he admitted to in his guilty plea, thereby resulting in a total offense level of 23 and a guideline range of 57-71 months. Id. Creel repeated his objections at the sentencing hearing, which was held the following day, June 30, 2004. Id. at 33-34. The district court rejected Creel's objections, concluding

that the federal sentencing guidelines were not impacted by Blakely. Id. at 35. The district court in turn adopted the PSR's recommendations, applied the § 2K2.1(b)(5) enhancement, and sentenced Creel to a term of imprisonment of ninety-seven months.

II.

While this case was pending on appeal, the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005), extending its holding in Blakely to the United States Sentencing Guidelines, and holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. To remedy the Sixth Amendment violation inherent in the guidelines, the Court severed and excised 18 U.S.C. § 3553(b)(1), which required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. Id. at 764-65. As a result, the guidelines are now advisory in all cases. Id. at 757.

In light of Booker, it is clear that the district court in this case erred in imposing the § 2K2.1(b)(5) enhancement to Creel's sentence on the basis of judicially-found facts. Because Creel timely asserted a Blakely-based objection to the § 2K2.1(b)(5) enhancement, we now review that enhancement for harmless error. See Fed. R. Crim. P. 52(a). As the "beneficiary" of the constitutional error in this case, the government bears the burden of establishing harmlessness beyond a reasonable doubt. See Chapman v.

3

<u>California</u>, 386 U.S. 18, 24 (1967).  Because, however, the government has made no attempt to establish harmlessness, we have no choice but to remand the case for resentencing pursuant to <u>Booker</u>.  <u>See</u> <u>United States v. Lang</u>, No. 04-4165, 2005 WL 834669, at *4 (10th Cir. Apr. 12, 2005).

The case is hereby REMANDED to the district court for resentencing in light of <u>Booker</u>.

Entered for the Court


Mary Beck Briscoe
Circuit Judge