**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MECIEJ FELIKS GLUCHOWSKI,
also known as Matthew Gluchowski,

    Defendant-Appellant.

No. 04-2253
(District of New Mexico)
(D.C. No. CR-04-530-RB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    INTRODUCTION

Defendant-appellant Meciej Feliks Gluchowski pleaded guilty to illegal reentry after removal following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2).  The district court sentenced Gluchowski to seventy months' imprisonment.  On appeal Gluchowski is challenging his sentence.  Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **remand** for resentencing.

## II.    BACKGROUND

On December 22, 2003, the vehicle in which Gluchowski was riding was stopped by a Catron County, New Mexico deputy sheriff.  United States Border Patrol agents took custody of Gluchowski and his fellow occupants.  Upon questioning, Gluchowski admitted that he was an undocumented alien from Poland and that he had previously been deported from the United States as an aggravated felon.

A federal grand jury returned an indictment against Gluchowski charging him with being found in the United States after having been removed following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2).  On April 28, 2004, Gluchowski entered a guilty plea without a plea agreement.

The presence report ("PSR") established a sentencing range under the United States Sentencing Guidelines ("U.S.S.G") of seventy to eighty-seven months. This was based on an adjusted offense level of twenty-one[1] and a criminal history category of V. Gluchowski objected to the PSR, arguing that the sixteen-level enhancement based on an alleged prior conviction violated his Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Gluchowski also moved for a downward departure, asserting that the proposed criminal history category significantly overrepresented the seriousness of his criminal history. The district court denied Gluchowski's motion for a downward departure and rejected his *Blakely* argument. The court adopted the factual findings contained in the PSR and sentenced Gluchowski to a prison term of seventy months, at the bottom of the Guidelines range.

## III. DISCUSSION

On appeal Gluchowski reasserts the argument he made before the district court, contending that because the sixteen-level sentencing enhancement was

---

[1]The adjusted offense level was calculated as follows: the base offense level (for illegal reentry) of eight was enhanced sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because Gluchowski had been deported after a conviction for a felony drug trafficking offense for which the sentence imposed exceeded thirteen months, and then reduced three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

based on an alleged prior conviction that was not found by a jury or admitted by Gluchowski, his sentence violates his Sixth Amendment rights under *Blakely*.

During the pendency of this appeal, the Supreme Court decided *United States v. Booker*, in which the Court extended its holding in *Blakely* to apply to the federal Sentencing Guidelines. 125 S. Ct. 738, 756 (2005). The Court held that to satisfy the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* Similarly, the Supreme Court has held, prior to *Booker*, that 8 U.S.C. § 1326(b)(2), which authorizes sentence enhancements, is a penalty provision and does not define a separate crime. *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). "Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* at 226-27. This court has recently recognized that *Almendarez-Torres* remains good law in the aftermath of *Booker*. *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). Thus, because the existence of a prior conviction is not a fact that must be proven to a jury beyond a reasonable doubt or admitted by a defendant, Gluchowski's sentence does not violate the Sixth Amendment. *See id.* at 1223-24.

Although Gluchowski's sentence does not involve a Sixth Amendment violation, the "sentencing court [] err[ed] by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). Because Gluchowski raised *Blakely* below, this sentencing error is reviewed for harmlessness. *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005). The government, however, has not asserted the error is harmless. *See United States v. Lang*, __ F.3d __, No. 04-4165, 2005 WL 834669, at *4 (10th Cir. Apr. 12, 2005).

## IV. CONCLUSION

For the foregoing reasons, we **REMAND** the case for resentencing pursuant to *Booker*.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge