**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

IMRE FUREDI,

        Defendant-Appellant.

No. 04-3395

(D. of Kan.)

(D.C. No. 04-CR-20008-01-GTV)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

Defendant-Appellant Imre Furedi appeals from the sentence imposed following his guilty plea to one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). We remand for resentencing in light of *United States v. Booker* , 125 S. Ct. 738 (2005).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Based solely on the guilty plea, the sentencing range for Furedi's offense would have been 18 to 24 months. [1] Following a series of enhancements based on judge-found facts, the presentence report (PSR) set the sentencing range at 70 to 87 months. [2] However, the district court sentenced Furedi below the guideline range, at 60 months, because that is the statutory maximum term of imprisonment for this offense. 18 U.S.C. § 2252(a)(4)(B).

Before sentencing, Furedi filed written objections to the PSR challenging the constitutionality of the United States Sentencing Guidelines based on *Blakely v. Washington*, 542 U.S. 296 (2004). He renewed those objections at sentencing, arguing that the sentence enhancements violated the Sixth Amendment because they were based on judge-found facts that had not been admitted or proved to a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. 296, 124 S. Ct. at 2537–38. We now know, following *Booker*, that Furedi was correct. *See Booker*,

---

[1] Violation of 18 U.S.C. § 2252(a)(4) sets the base offense level at 15. *See* USSG § 2G2.4 (2003). Combined with Criminal History Category I, the applicable range was 18 to 24 months. *Id.* at Ch. 5, pt. A, Sentencing Table.

[2] The sentencing enhancements included the following: a two-point enhancement because the material involved a prepubescent minor, USSG § 2G2.4(b)(1); a two-point enhancement because the offense involved more than ten visual depictions involving the sexual exploitation of a minor, *id.* at § 2G2.4(b)(2); a two-point enhancement because the possession resulted from Furedi's computer, *id.* at § 2G2.4(b)(3); a four-point enhancement because the material portrayed sadistic conduct, *id.* at § 2G2.4(b)(4); and a five-point enhancement because the offense involved 600 or more images, *id.* at § 2G2.4(b)(5)(D). The district court then subtracted three points for acceptance of responsibility, arriving at a total offense level of 27.

125 S. Ct. at 748–49. Thus, we must remand this case for resentencing unless the error was harmless under Federal Rule of Criminal Procedure 52(a). *See United States v. Riccardi*, 405 F.3d 852, 875–76 (10th Cir. 2005).

Rule 52(a) states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The burden of proving that an error does not affect substantial rights is on the "beneficiary of the error," which in this case is the government. *See Chapman v. California*, 386 U.S. 18, 24 (1967). Where the error involves a constitutional violation—as it does here—the government must prove the error was harmless beyond a reasonable doubt. *Id.* Our task is made easy in this case by the government's complete lack of argument that the error was harmless. The government, in fact, citing our decision in *United States v. Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005), concedes that remand is appropriate. We agree. *See United States v. Jardine,* 406 F.3d 1261 (10th Cir. 2005) (remanding case for resentencing in light of government's concession of *Booker* error)*; United States v. Lang*, 405 F.3d 1060, 1065 (10th Cir. 2005) (remanding case for resentencing because "[t]he government has not asserted that the [ *Booker* ] error in this case was harmless"); *United States v. Windrix*, 405 F.3d 1146, 1158 (10th Cir. 2005) (to the same effect).

Therefore, we REMAND for resentencing.

Entered for the Court

Timothy M. Tymkovich
United States Circuit Judge