**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHAD EVERETT LEFORCE,

    Defendant-Appellant.

No. 04-6390

(W.D. Oklahoma)

(D.C. No. CR-04-110-L)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Chad Everett LeForce pleaded guilty to a two-count information

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

charging him with possession of a firearm after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1), and possession methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Mr. LeForce objected to his calculated sentencing guideline range based on *Blakely v. Washington,* 124 S. Ct. 2531 (2004). He claimed that a four-level sentencing guideline enhancement for possessing the firearm in connection with another felony offense, pursuant to USSG § 2K2.1(b)(5), was neither found by a jury nor admitted. The district court overruled the *Blakely* objection and sentenced Mr. LeForce to serve an 86-month sentence. Mr. LeForce timely appeals this sentence, arguing that he should be re-sentenced in light of *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set forth below, we reject that argument and affirm the sentence.

## I. FACTUAL BACKGROUND

On November 18, 2003, Mr. LeForce was stopped by police for driving a van with no license tag light. When he advised the officer that he did not have a driver's license, the officer asked Mr. LeForce to step out of the van. The officer noticed a bulge in the sweatshirt Mr. LeForce was wearing, so he conducted a pat-down search and found Mr. LeForce was wearing an empty holster. The officer asked him if there was a weapon in the vehicle, and Mr. LeForce said "no." His

passenger, however, pointed to a jacket where a loaded .380 caliber pistol was found. The passenger said Mr. LeForce had given her the gun to hide.

The officer arrested Mr. LeForce and a search of the van revealed seven clear plastic baggies of methamphetamine found inside an "Altoids" mints container. The methamphetamine discovered during this incident formed the basis of count 1 of the information.

On March 2, 2004, police officers again discovered a firearm and quantity of methamphetamine in Mr. LeForce's van. That incident served as the basis for Count 2.

In light of Mr. LeForce's prior conviction for a crime of violence, the presentence report (PSR) recommended a base offense level of 20. The district court imposed a four-point increase in the offense level pursuant to USSG § 2K2.1(5), finding that Mr. LeForce had possessed the firearm in connection with another felony offense, the possession of methamphetamine. The adjusted offense level for Count 1 was thus 24. The PSR recommended a three level reduction for acceptance of responsibility, resulting in a total offense level of 21. With Mr. LeForce's criminal history category of VI, the guideline range of imprisonment was 77-96 months.

As to Count 2, the PSR recommended a base offense level of 20, in light of the amount of the controlled substance. Mr. LeForce's plea agreement provided a

stipulation that a firearm was possessed in connection with the possession of the methamphetamine charged in count 2. Accordingly, two levels were added based on a firearm enhancement pursuant to USSG § 2D1.1(b)(1), and the adjusted offense level was 22.

Mr. LeForce objected to the recommended four-level enhancement as to count 1 for possessing the firearm in connection with another felony offense. See USSG § 2K2.1(b)(5). He argued that the enhancement was based on facts neither found by the jury nor admitted by him.

Had the district court not applied this four-level enhancement, Mr. LeForce's adjusted offense level would have been 20. In this event, after "taking the offense level applicable to the [g]roup with the highest offense level," USSG § 3D1.4, the court would have determined the base offense level by using the guideline for the highest offense conduct, which in this case was level 22 for count 2. Reducing that adjusted offense level by three points for acceptance of responsibility would yield a total offense level of 19. With a criminal history category of VI, the guideline range is 63 - 78 months' imprisonment.

At sentencing, the district court recognized that it could impose an alternate sentence, but acknowledged that the courts "are creating great confusion for the Bureau of Prisons in alternate sentences." Rec. vol. 3, at 6. "So it is my position that until the Supreme Court either overturns or changes the calculations in some

-4-

way, it is my position that this Court is going to overrule your objection based upon *Blakely*." *Id.*

The court then imposed a term of imprisonment of 86 months and three years supervised release on each count, to be served concurrently. That sentence is eight months longer than the maximum of the range that the court could have imposed if it had not adopted the four-level § 2K2.1(b)(5) enhancement on count 2.

When it imposed Mr. LeForce's sentence, the district court further noted that "it is going to be a lengthy sentence." *Id.* at 12. The court concluded that "the proper sentence in reviewing everything was in the middle of the guideline range; not at the high end, not the low end, but in the middle considering all the factors." *Id.* at 15.

## II. DISCUSSION

In *United States v. Riccardi,* 405 F.3d 852, 874 (10th Cir. 2005), we noted,

> In *Booker*, . . . the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." To remedy this violation, the Court struck down those provisions of the Sentencing Reform Act that required mandatory application of the Guidelines, instead requiring district courts to consult them in an advisory fashion. *Id.* at 756-57

(excising 18 U.S.C. §§ 3553(b)(1), 3742(e)). Under *Booker*, therefore, the sentencing procedure in this case was unconstitutional. The jury did not find, and the defendant did not admit, the facts on which the district court relied to enhance [the defendant's] sentence pursuant to the mandatory Guidelines.

Because Mr. LeForce raised *Blakely* in the district court, he adequately preserved his constitutional *Booker* claim, so we review for harmless error. *See United States v. Lang*, 405 F.3d 1060, 1065 (10th Cir. 2005). According to Federal Rule of Criminal Procedure 52(a), "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded" on harmless error review. Under the harmless error analysis, the government bears the burden of demonstrating that the error was harmless beyond a reasonable doubt. *Lang*, 405 F.3d at 1065. In analyzing whether a preserved constitutional *Booker* error is harmless, we have considered various factors, including whether overwhelming evidence supports the district court's factual findings and whether the district court would have imposed a less severe sentence had it known it had discretion. *Riccardi*, 405 F.3d at 875-76.

Applying these standards, we conclude for several reasons that the constitutional *Booker* error here was harmless in that it did not violate Mr. LeForce's constitutional rights. First, we note that *Booker* emphasized that courts must consider the factors set forth in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 765-66. Here, it is evident from the district court's observations that it engaged

-6-

in an objective consideration of § 3553(a)'s sentencing factors when sentencing Mr. LeForce. The district court recommended that the defendant participate in drug and vocation programs, so that he might be employable and able to assume his familial obligations when he completed his sentence. The district court also recommended participation in the Residential Drug Abuse program while incarcerated, and imposed a special condition that Mr. LeForce participate in mental health and substance abuse aftercare during his three-year term of supervised release. There is no indication in the record that the district court's consideration of these factors after *Booker* would result in a lesser sentence.

Secondly, we note that while Mr. LeForce made a legal objection to the judge-found facts that increased his sentence, he did not challenge the factual basis of this finding until this appeal. Mr. LeForce's "decision not to contest these facts is [a] strong indication that the district court based the sentencing enhancements on Mr. [LeForce's] actual conduct." *Riccardi*, 405 F.3d at 876. Before us, Mr. LeForce argues that the firearm was found in the van under the passenger's jacket, while the methamphetamine was discovered in an undisclosed part of the passenger compartment. As the government points out, however, the passenger said that Mr. LeForce gave her the firearm to hide, a story supported by Mr. Leforce's empty holster. The evidence strongly suggests that the firearm

"had the potential to facilitate" the underlying felony. *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998) (interpreting § 2K2.1(b)(5)).

In the end, in light of the district court's detailed findings, there is little reason to think it would impose a less severe sentence in the exercise of its post-*Booker* discretion.

On the contrary, the district court acknowledged its intent to impose a "lengthy" sentence, and sentenced Mr. LeForce in the middle of the applicable Guideline range. *Cf. United States v. Labastida-Segura*, 396 F.3d at 1140, 1143 (10th Cir. 2005) (holding that an error was not harmless where the district court sentenced at the bottom of the range). There is little reason to think the district court "would exercise [its] now-greater discretion to reduce the sentence" after having made such observations. *Riccardi*, 405 F.3d at 806. Nor do the court's remarks at sentencing suggest anything other than a belief that an 86-month sentence was appropriate in light of all the circumstances.

## III. CONCLUSION

Accordingly, we are satisfied that although the sentence was imposed in violation of Sixth Amendment standards as set forth in *Booker*, the error did not

violate Mr. LeForce's substantial rights and was harmless.

Entered for the Court,

Robert H. Henry
Circuit Judge